In the Matter of the Claim of JOHN CAPUANO, Respondent, v. IDEAL ROLLER AND MANUFACTURING CO., INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant compensation benefits. On May 10, 1956 claimant suffered severe back pains on lifting a 125-pound rubber liner. Claimant orally notified his employer immediately of his difficulty and sought medical treament. After a hearing in October, 1956 an award of compensation for two days intermittent time lost was made and paid by the carrier. The carrier also paid claimant's physician for treatment rendered to claimant as a result of the May 10, 1956 incident. No objection was taken at the first hearing at which the parties were present to the fact that no formal claim had been filed. (Workmen's Compensation Law, § 28.) In June, 1961 for the first time a formal claim for the 1956 incident was made to which the carrier then objected on the ground that the two-year-time limit of section 28 barred the claim. It is clear, however, that the board could properly find that the payment by the carrier for the two days lost time and for the claimant's medical treatment with full knowledge that both arose from the incident of May 10, 1956, constituted an advance payment within the meaning of section 28 thus waiving claimant's failure to file a formal claim within the two-year period (e.g., *Matter of Wood* v. *Queen City Neon Sign Co.*, 282 App. Div. 106, 111–112, mot. for lv. to app. den. 306 N. Y. 979). The carrier also objects to the board's finding that claimant's partial disablility was related only to injuries sustained in 1952, 1953 and

1956 and not to an earlier 1947 injury suffered while working for another employer. Claimant testified that by 1949 he was completely recovered from his 1947 injury. The only medical support for the board's determination is contained in a medical report rendered in 1954, two years before the 1956 incident here in contention and was rendered prior to 1962 before the Referee specifically put the 1947 accident in issue. On the other hand the appellants' expert testified that all four injuries contributed to claimant's disability. Of course, the board could not accept claimant's statement that he was completely recovered from the 1947 injury over a contrary professional diagnosis. Nor could the 1954 medical report, especially since it was rendered prior to the 1956 incident and before 1962 when the effect of the 1947 accident was put in issue, be accepted as preponderant against the contrary medical testimony directly addressed to such later issue. (*Matter of Bochkarev* v. *Henry's Landscaping Serv.*, 10 A D 2d 398, 399–400.) Thus the only probative evidence present in the record (the presumption of § 21 of the Workmen's Compensation Law as to the report having failed) indicates that the 1947 injury was related to claimant's disability and the board's determination cannot stand. Upon the remittal it may be possible to develop the record more fully. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remittted for further proceedings. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.